UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JUVENTINO GABRIEL CHILEL PEREZ,

Petitioner,

v.

WARDEN OF IMPERIAL REGIONAL DETENTION FACILITY FOR U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

Respondents.

Case No.: 26-cv-5032-RSH-SBC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On August 12, 2026, petitioner Juventino Gabriel Chilel Perez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. For the reasons set forth below, the Court grants the Petition.

Petitioner, a native and citizen of Guatemala, unlawfully entered the United States in 2007, and was detained by Immigrations and Customs Enforcement on August 12, 2026. ECF No. 2 (Amended Petition), at 8. Petitioner is currently in removal proceedings and has filed applications for various forms of relief or protection from removal. *See id.* at 8–9.

The Government concedes that Petitioner is detained under 8 U.S.C. § 1226(a) and is therefore eligible for a bond hearing, but argues that this Petition is moot because

Petitioner has not requested one.[1] *See* ECF No. 7, at 2–3. The Government alternatively states that it does not oppose an order directing a bond hearing to be held pursuant to 8 U.S.C. § 1226(a).

In light of the Government's non-opposition, the Petition is **GRANTED** as follows. The Government is directed to hold a bond hearing pursuant to 8 U.S.C. § 1226(a) for petitioner Juventino Gabriel Chilel Perez ***within fourteen (14) days of the date of this order***, or such later date as may be requested by Petitioner. The Court declines to order Petitioner's immediate release on the grounds that the Petition does not establish a basis for that relief. To the extent Petitioner seeks attorneys' fees, he must file a noticed motion pursuant to the Civil Local Rules of this district and the undersigned's pretrial civil procedures.

**IT IS SO ORDERED.**

Dated: September 11, 2026

Hon. Robert S. Huie
United States District Judge

---

[1] The Petition alleges that controlling BIA precedent and the Government's position have foreclosed the availability of bond proceedings in immigration courts, rendering any request for a bond hearing futile. ECF No. 2, at 10–11. The Petition further alleges that Petitioner's detention "without any neutral decisionmaker having determined that his continued detention is warranted because of danger or flight risk violates his due process rights." *Id.* at 45. And the Petition references a "bond hearing" in the Prayer for Relief. *Id.* at 46. Although the Court agrees that the Petition could have been clearer as to the scope of relief sought—both by the Petitioner in administrative proceedings and in the instant Petition—the Court construes the Petition to allege that a hearing has not been requested in administrative proceedings because such a request would be futile, and to seek an order from this Court directing a bond hearing to be held on that basis.